# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

KATHY JONES, et al.,

                Plaintiffs,

v.                               CIVIL ACTION NO. 2:07-cv-00425

M & M INFLATABLES, INC.,

                Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is Instant Replay Sports, Inc.'s Motion for Summary Judgment [Docket 119]. The Motion is **DENIED**.

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Instant Replay's Motion challenges M & M Inflatables, Inc.'s third-party design-defect claim. It argues that claim is deficient because M & M cannot identify the exact slide upon which the plaintiff was injured. In making this argument, however, Instant Replay confuses a design-defect claim with a manufacturing-defect claim.

In manufacturing-defect cases, the plaintiff is claiming that a product is defective because it does not conform to the manufacturer's specifications; that is, the product was not manufactured as designed. *Morningstar v. Black & Decker Mfg. Co.,* 253 S.E.2d 666, 681 (W. Va. 1979). Conversely, in design-defect cases, the claim is that the product conformed to the manufacturer's specifications, but the manufacturer failed to properly design the product, and it was placed on the market, despite its inherent risks. *Id.* at 681. Here, M & M alleges that the slide suffered from a defective design as opposed to a manufacturing defect. The fact M & M cannot identify the exact slide is irrelevant to the design-defect claim. Genuine issues of material fact remain as to whether the slide at issue suffered from a design defect. Summary judgment would thus be inappropriate on this evidence.

The Motion for Summary Judgment [Docket 119] is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:     May 25, 2010

Joseph R. Goodwin, Chief Judge